**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNIQUE PRODUCT** | ) | |
| **SOLUTIONS, LIMITED** | ) | **CASE NO.:** |
| **c/o BDB AGENT CO.** | ) | |
| **3800 Embassy Parkway, Suite 300** | ) | |
| **Akron, Ohio 44333** | ) | **JUDGE:** |
| | ) | |
| **Relator** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| **POOLMASTER, INC.** | ) | |
| **770 W. Del Paso Road** | ) | |
| **Sacramento, CA 95834-1117** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND JURY DEMAND**

*Qui tam* relator Unique Product Solutions, Limited ("UPS"), for its Complaint against

Defendant Poolmaster, Inc. ("Defendant"), alleges as follows:

**BACKGROUND**

1.      This is an action for false patent marking under Title 35, Section 292, of the

United States Code.

2.      Defendant has violated 35 U.S.C. § 292(a) by marking articles with invalid

and unenforceable patent rights with the purpose of deceiving the public.  More specifically,

the Defendant has marked upon, affixed to, and/or used in advertising in connection with

such products the word "patent" and/or words or numbers importing that the product is

patented, while Defendant knew, or reasonably should have known, that the articles were

improperly marked. *See, The Forest Group, Inc. v. Bon Tool Co.*,  590 F.2d 1295, 1302-04

1

(Fed. Cir., 2009).

3.      35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

4.      False marking deters innovation and stifles competition in the marketplace.  More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

5.      False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6.      False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7.      False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8.      False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9.      False markings may also create a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10.      35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any

person on behalf of the United States government.  By permitting members of the public to sue on

behalf of the government, Congress allows individuals to help control false marking when the U.S.

government does not have the resources to do so.

## THE PARTIES

11.     UPS  is an Ohio limited liability company with a mailing address of BDB Agent Co.,

3800 Embassy Parkway, Akron, Ohio  44333.

12.     UPS exists to conduct all lawful business, including but not limited to enforcing the false

marking statute as specifically permitted by 35 U.S.C. § 292.

13.     In this action, UPS  represents the United States and the public, including Defendant's

existing and future competitors.

14.     Upon information and belief, Defendant is a California corporation with its principal

place of business at 770 W. Del Paso Road, Sacramento, California 95834-1117.

15.     Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions,

or business units, regularly conducts and transacts business throughout the United States, including in Ohio

and within the Northern District of Ohio.

## JURISDICTION AND VENUE

16.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

17.     This Court has personal jurisdiction over Defendant. Defendant has

conducted and does conduct business within the State of Ohio.  Defendant, directly or through

subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that

are the subject of this Complaint in the United States, the State of Ohio, and the Northern

District of Ohio.

18.     Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio.  Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20.     UPS brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

### FACTS

21.     UPS  incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.     Upon information and belief, Defendant is a relatively large, sophisticated company.

23.     Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

24.     Upon information and belief, Defendant, and its related entities, have years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, and marking its products with its patents.

25.      Upon information and belief, throughout its history, Defendant, and its related entities, have obtained and/or maintained several U.S. patents.

26.      Upon information and belief, Defendant maintains, or its intellectual property counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

27.      Defendant knows that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

28.      Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

29.      Defendant's false marking of its products has wrongfully stifled competition with respect to such products thereby causing harm to UPS, the United States, and the public.

30.      Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

31.      Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1

## FALSE MARKING

32.      The application for United States Design Patent No. D293,012 (the "'012 Patent"), titled *Pool lounger,* was issued by  the United States Patent and Trademark Office ("USPTO") on December 1, 1987. *See* Exhibit A.

33.      The '012 Patent expired no later than December 1, 2001, more than 8 years ago.

5

34.     Upon information and belief, Defendant knew or reasonably should have known that the '012 Patent expired at least as early as 2001.

35.     As of July 6, 2010, Defendant continues to use the phrase "U.S. Patent No. 293,012", which presumably refers to the '012 Patent,  in advertising in connection with the following products (collectively, the "Pool Lounger Products") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '012 Patent expired over 8 years ago: (i) French Classic Pool Lounger; and (ii) Pearl Series French Classic.  *See* Exhibit B (cover page, last page and portion of the Poolmaster Inflatable & Swim Products Catalog pertaining to the Pool Lounger Products). The Poolmaster Inflatable & Swim Products Catalog can be obtained at http://www.poolmaster.com/pages/lines.html (last retrieved July 6, 2010).

36.     Defendant last updated the Poolmaster Inflatable & Swim Products Catalog in 2010 and, upon information and belief, purposefully continued to use the '012 Patent in said catalog with the intent to deceive the public.  *See* Exhibit B (last page of the Poolmaster Inflatable & Swim Products Catalog).

37.     Upon information and belief, Defendant continues to mark upon the Pool Lounger Products, or the packaging of the Pool Lounger Products, the '012 Patent, despite the fact that the '012 Patent expired more than 8 years ago.

38.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Pool Lounger Products and marking the Pool Lounger Products with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

39.     Defendant intended to deceive the public by using a patent that expired more than 8 years ago in advertising in connection with the Pool Lounger Products and marking or causing to be marked the Pool Lounger Products with a patent that expired more than 8 years ago.

40.     The application for United States Patent No. 3,656,749 (the "'749 Patent"), titled *Buoyant game hoop,* was filed on January 28, 1970 and the United States Patent and Trademark Office ("USPTO") issued the '749 Patent on April 18, 1972. *See* Exhibit C.

41.     The '749 Patent expired no later than January 28, 1990, more than 20 years ago.

42.     Upon information and belief, Defendant knew or reasonably should have known that the '749 Patent expired at least as early as 1990.

43.     As of July 6, 2010, Defendant continues to use the '749 Patent in advertising in connection with the following products (collective, the "Game Hoop Products") made, used, offered for sale or sold by Defendant within the United States,  despite the fact that the '749 Patent expired over 20 years ago: (i) All Pro Water Basketball Game; and (ii) Pro Action Water Basketball Game. *See* Exhibit D (cover page, last page and portion of the Poolmaster Lounges, Pool Games & Patio Accessories Catalog pertaining to the Game Hoop Products). The Poolmaster Lounges, Pool Games & Patio Accessories Catalog can be obtained at http://www.poolmaster.com/pages/lines.html (last retrieved July 6, 2010).

44.     Defendant last updated the Poolmaster Lounges, Pool Games & Patio Accessories Catalog in 2010 and, upon information and belief, purposefully continued to use the '749 Patent in said catalog with the intent to deceive the public.  *See* Exhibit D (last page of the Poolmaster Lounges, Pool Games & Patio Accessories Catalog).

45.     Upon information and belief, Defendant continues to mark upon the Game Hoop Products, or the packaging of the Game Hoop Products, the '749 Patent, despite the fact that the '749 Patent expired more than 20 years ago.

46.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Game Hoop Products and marking the Game Hoop Products with an expired and

7

invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

47.     Defendant intended to deceive the public by using a patent that expired more than 20 years ago in advertising in connection with the Game Hoop Products and marking or causing to be marked the Game Hoop Products with a patent that expired more than 20 years ago.

## PRAYER FOR RELIEF

WHEREFORE, Relator, Unique Product Solutions, Limited requests the Court, pursuant to 35 U.S.C. § 292, to:

A.      Enter judgment against Defendant and in favor of UPS for the violations alleged in this Complaint;

B.      Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292 by using in advertising the '012 Patent or '749 Patent, or marketing, selling or offering for sale any product that is marked (including packaging) with the '012 Patent or '749 Patent;

C.      Enter an injunction ordering Defendant to recall all products, including, without limitation, the Pool Lounger Products and Game Hoop Products, that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with the '012 Patent or '749 Patent, after the expiration date of said patents;

D.      Order Defendant to pay a civil monetary fine of up to $500 per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to UPS;

E.      Enter a judgment and order requiring Defendant to pay UPS prejudgment and

post-judgment interest on the damages awarded;

F.      Order Defendant to pay UPS's costs and attorney fees; and

G.      Grant UPS such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the

above-captioned action.

DATED:  July 6, 2010                              Respectfully submitted:


                                                 */s/ David J. Hrina*
                                                 Mark J. Skakun, III (No. 0023475)
                                                 David J. Hrina (No. 0072260)

                                                 BUCKINGHAM, DOOLITTLE &
                                                 BURROUGHS, LLP
                                                 3800 Embassy Parkway
                                                 Suite 300
                                                 Akron, OH 44333
                                                 Telephone: (330) 376-5300
                                                 Facsimile: (330) 258-6559

                                                 Counsel for Plaintiff
                                                 Unique Product Solutions, Limited

«AK3:1033720_v1»